Dickquist v Decaro (2026 NY Slip Op 50246(U))

[*1]

Dickquist v Decaro

2026 NY Slip Op 50246(U)

Decided on February 13, 2026

City Court Of Syracuse, Onondaga County

Tadros, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
City Court of Syracuse, Onondaga County

Thor Dickquist, Petitioner,

againstRocci Decaro and JENNIFER DECARO, Respondents.

Index No. LT-2436-25/SY

For Petitioner: Thor Dickquist, Pro Se
For Respondents: Anthony C. Galli, Esq.
Attorney for Rocci and Jennifer DeCaro
Galli Law, PLLC 
6555 Ridings Road 
Syracuse, New York 13206 

Shadia Tadros, J.

Petitioner filed a Notice of Petition and Petition on October 29, 2025, pursuant to Real Property Actions and Proceedings Law, (RPAPL) Article 7-D. RPAPL Article 7D codified as §§ 797-797-j, known as the "Tenant Dignity and Safe Housing Act," provides a simplified summary proceeding for tenants outside of New York City to bring actions against landlords for habitability issues and state and local housing code violations. Findings of FactPetitioner Thor Dickquist has been a tenant at XXXXX since December 2021. Petitioner commenced this 7D proceeding against landlords Rocci and Jennifer DeCaro seeking corrective action and repairs. His complaints included: unsecured entryways, mold on ceiling in kitchen/bathroom/bedroom, and that his floors are slanting; further, the crawlspace above the stairs is open, which allows heat & A/C to escape, and he alleged the ceiling around sewer/gas pipe in bathroom is moldy and leaks when it rains. Petitioner also alleged that the bathroom ceiling is cracking and may fall, the window in the hallway is screwed shut, and there is only one entrance to the apartment. Petitioner also provided notice of numerous open code violations that had been cited in November of 2024, which continue to remain open.
The Court held a hearing on December 16, 2025, and found that Respondents are properly [*2]named parties to the action and Petitioner had proven his prima facie case regarding the underlying conditions. The Court issued an Order to Correct for habitability concerns and for open code violations. The matter was scheduled for a Compliance and Habitability hearing on January 28, 2026.
On January 28, 2026, Petitioner testified that minimal repairs had been made, namely that the mold on the ceilings had not been remediated properly but painted over and the gap around the pipe in the bathroom had also been spackled and painted. Petitioner testified that nothing had been done about the slanting floors, the opening above the stairs to the crawlspace, the cracked ceiling in the bathroom, or the hallway window that is screwed shut.
Respondents testified that all repairs had been made as per the Order to Correct, despite Rocci DeCaro's Affirmation to the Court stating that code violations have not been corrected; Respondent allegedly advised Code Enforcement of Petitioner's "aggressive" behavior and shared a Ring security video of Petitioner displaying "what appears" to be a firearm as the justification for noncompliance. 
Respondents testified that the unsecured door that Petitioner complained about had been fixed but was now broken again due to Petitioner's actions. Respondents testified the metal catch-plate on the door was taken off and straightened out so that it could not be opened without a key, but it is his belief that Petitioner lost his keys and was causing damages by using a crowbar to open the door; video evidence of this was provided to the Court. When given the opportunity to explain how he opens his door, Petitioner stated that he lost his keys three months after he moved in and has not had a key to that door since then.
Real Property Law § 235-b Habitability and Housing Code Violations
Real Property Law § 235-b implies a residential warranty of habitability, in that tenants shall not be subjected to any conditions, which would be dangerous, hazardous or detrimental to their life, health or safety. Landlords have a legal obligation to provide tenants with a safe and habitable living space, ensuring the property is structurally sound, has functioning plumbing and electricity, and is free from health hazards. This obligation is a fundamental part of New York State Landlord Tenant Law and applies even if it is not explicitly written in a lease. 
Although there are some open code violations on the property and issues that continue to require repair, none of these issues rise to the level of a breach of the implied warranty of habitability. Implied warranty of habitability does not require that the premises be maintained in accordance with the expectations of the tenant but sets forth minimum standards that protect tenants from conditions that render the premises uninhabitable (Matter of Solow v. Wellner, 86 NY2d 582 [1995]).
The complaints outlined by the Petitioner were sufficiently addressed by the Respondents, both by their corrective actions and/or by testimony of the ongoing efforts to keep the property maintained; such maintenance included installing a new roof and awnings on the property. Although the Court finds that Petitioner made valid complaints, most were successfully remediated, and none rise to the level requiring further intervention under article 7D.
Holdover action and Retaliation Real Property Law § 223-b
On October 3, 2025, Respondents filed a holdover petition under LT-2259-25. On June 10, 2025, Petitioner was served with a 90-Day notice to vacate, his tenancy ending on September 30, 2025. The first appearance on this matter was heard on October 24, 2025, and a 14-day adjournment was granted. The holdover proceeding was stayed once Petitioner filed this 7D matter on October [*3]29, 2025, to enable the holdover and this 7D proceeding to be heard concurrently.
Real Property Law (RPL) § 223—b entitled "Retaliation by landlord against tenant" states in relevant part that a landlord shall not commence a proceeding to recover real property in retaliation for actions taken in good faith by a tenant to enforce rights under the lease or law of the State of New York regulating residential premises. A rebuttable presumption that the landlord is acting in retaliation shall be created if the tenant establishes that the landlord instituted an action or proceeding to recover possession, within one year after a good faith complaint was made, or good faith action was taken.
Petitioner's proffered exhibit, the Complaint Action Summary of the City of Syracuse Code Enforcement, showed he called Code Enforcement in November 2024; this summary documented numerous calls and communications, with both the Petitioner and Respondents, from November 2024 to present. Petitioner's exhibits including a "New York Eviction Notice" and a "5-Day Late Rent" notice filed in 2024, could be presumed to induce Petitioner to vacate, however, Respondents did not initiate the holdover process until October of 2025. Petitioner testified that he last paid rent in June 2025, which was the same month he was served with the 90-day notice to vacate, which commenced the holdover proceeding.
Judgment/Order/Decision
Although there are some discrepancies between the parties' testimony, there was clearly an agreement whereby the Petitioner would help maintain the property in exchange for rent reduction and/or an hourly wage from Respondents. Testimony from both parties revealed a list of personal animosities in addition to the breakdown of the landlord/tenant relationship. Petitioner blamed Respondents and Respondents blamed Petitioner for issues such as the window being screwed shut and/or the broken lock on the entrance door. Ultimately, it appears that the arrangement between the parties and their relationship has irrevocably broken down and some of the allegations against each other appear more personal and petty rather than of a professional landlord/tenant nature.
This Court finds that the Respondents were successful in rebutting the presumption of retaliation in seeking eviction. A finding of retaliation requires a clear and undeniable nexus between a good-faith complaint and the retaliatory conduct. A complaint or call to Code Enforcement does not itself trigger protection against eviction, that protection must be determined by the nature of the complaint and the response of the landlord. Here, the complaints made were not so severe as to warrant a breach of warranty of habitability. It was only after the 90-Day notice that Petitioner began withholding rent, and only after being served with the holdover petition that Petitioner filed the 7D action.
Review of the testimony of both parties and the evidence presented clearly indicate that the conditions of the apartment do not rise to the level of a breach of the warranty of habitability requiring any further intervention of the Court. 
It is therefore the finding of this Court that the 7D action is DISMISSED.
An Order and Warrant will be issued on the holdover matter LT-2259-25/SY, stayed to March 30, 2026, giving Petitioner time to relocate.
ENTER
HON. SHADIA TADROS
Syracuse City Court Judge
Dated: February 13, 2026
Syracuse, New York